## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **RODNEY L. MAJOR, # 247758,** | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 13-00283-CG-B |
| **CYNTHIA STEWART**, *et al.*, | : |
| Defendants. | : |

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

**I. Nature of Proceedings.**

Plaintiff's original complaint was not on the Court's current complaint form so he was ordered to file an amended complaint on the current form. (Doc. 3). In his amended complaint, which superseded his original complaint, Plaintiff has asserted claims against Defendants Cynthia Stewart and

Walter Myers.[1] The facts offered by Plaintiff to support his claims against Defendants Cynthia Stewart and Walter Myers are as follows. On July 26, 2011, at the rear exit door, Plaintiff stepped on a metal plate, leading out of the door, which was filled with wet mud and had spots of water on it. (Doc. 4). According to Plaintiff, he informed the warden that "the water and mud was on the steps and that's how I fell." (Id. at 4). Plaintiff also alleges that Defendant "Stewart was aware of the destroyed steps and has yet to have them fixed." (Doc. 1 at 5).[2]

After his fall, Plaintiff attempted to stand on his foot, but could not, so he was carried to the infirmary, where he was in terrible pain. (Id. at 8). Plaintiff was taken by ambulance to USA Hospital, where he was treated and medicated, and then returned to Fountain. (Id. at 8). Plaintiff stayed in the infirmary for seventeen days with his foot and leg in pain, and was then taken to see a "bone specialist" in Bay Minette. Subsequent thereto, Plaintiff had surgery, which required the placement of ten to twelve staples in two places in his leg and

---

[1] Captain Hetrick is not listed as a defendant in Plaintiff's amended complaint, nor does the amended complaint contain any allegations regarding him. Accordingly, he is no longer deemed to be a party to this action.

[2] The undersigned has considered allegations in Plaintiff's original complaint only to the extent they expound upon the allegations asserted against Defendants named in the amended complaint.

his foot. (Id. at 9). Plaintiff complains that after his surgery, he was returned to Fountain where he was placed in the same wheelchair without foot supports and was "treated poorly by administration and hospital staff" because he could not have outside air but was forced to go outside and he was refused store draws and other privileges. (Id.). Plaintiff also complains that while in population, he caught a mild infection in the bone of his left leg, which caused more pain and a burning sensation. (Id.). Plaintiff contends that he "constantly went to open house to tell Defendant Stewart about these problems[;] she told [him] she would handle them." (Id.).

Plaintiff asserts that once his cast was removed and his hardware was extracted, most of his profiles were removed; thus, the officers did not take him seriously. (Id. at 9-10). He further asserts that he complained to the health care staff, doctors, and nurses about his pain and the limp he acquired. (Id. at 10). Plaintiff asserts that he also contacted I & I officer, Mrs. Shepard, who witnessed his problems, such as the mild infection, dirty bandages, and the poor conditions, and that she informed Plaintiff of his rights and said that she would inform the staff; however, the problems were persisting even at the time he signed the complaint on May 22, 2013. (Id.).

3

Plaintiff alleges that Defendant Stewart was negligent with respect to the deplorable living conditions at Fountain, was aware of the destroyed steps and failed to have them fixed, and failed to order proper medical care for him. (Doc. 4 at 3). He further claims that Defendant Myers acted deliberately indifferently. (Id.).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing his complaint (Doc. 1) and amended complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S. Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937). Furthermore,

5

the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

    **A. Defendant Stewart.**

In this action, it is incumbent on Plaintiff to state a plausible claim upon which relief can be granted against each Defendant. With respect to liability against a person in a supervisory position, such as Defendants Stewart and Myers, "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Rather, a supervisor's liability occurs when the supervisor "personally participated in the alleged unconstitutional conduct or that there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Franklin v. Curry, 738 F.3d 1246, 1249 (quotation omitted marks omitted). "A causal connection

6

can be established in a variety of circumstances, including where the supervisor's policy or custom resulted in deliberate indifference." Key v. Lundy, 2014 WL 1799800, at *2 (11th Cir. May 7, 2014) (unpublished) (citing Cottone, 326 F.3d at 1360).

Plaintiff claims that these two supervisory Defendants violated his Eighth Amendment rights. The Eighth Amendment, which applies to the States through the Fourteenth Amendment, prohibits cruel and unusual punishment. Miller v. Alabama, ___ U.S. ___, 132 S.Ct. 2455, 2433, 183 L.Ed.2d 407 (2012); Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citation omitted). The Eighth Amendment is concerned with the wanton infliction of pain and a defendant's deliberate indifference to that condition. Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The first element of an Eighth Amendment claim is an objective one requiring that the allegations show that a substantial risk of serious harm existed. Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1199 (11th Cir. 2014). The second element requires that deliberate indifference be shown, which is accomplished with allegations that demonstrate a defendant's "'(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence.'" Franklin, 738 F.3d at 1250 (quoting Goodman v. Kimbrough, 718 F.3d 1325,

7

1331-32 (11th Cir. 2013))

In the present action, with respect to first element that a substantial risk of serious harm existed, Plaintiff alleges that he told Defendant Stewart that he fell due to the "water and mud on the steps." (Doc. 4 at 4; *see also* Doc. 1 at 8 ("I came upon a metal plate leading our the door [that] was filled with wet mud and spots of water on it, but before I could catch myself I lost my balance and slipped off the top step and fel[l] onto Inmate Damion Cook.")). Then, he states that she was aware of the destroyed steps and failed to have them fixed (Doc. 4 at 5) or has yet to have them fixed. (Doc. 1 at 5). Plaintiff's allegations fall short of conveying that a substantial risk of serious harm existed when he fell. The broken condition of the steps, which is conclusorily pled, is not identified as being the cause for his fall. Rather, Plaintiff clearly alleges that the water and mud caused him to fall. (Doc. 4 at 4; *see also* Doc. 1 at 8). Based on these few allegations proffered by Plaintiff, the Court cannot say that his allegations plausibly show that a substantial risk of serious harm existed at the time he fell.

The second element requires that Plaintiff show that Defendant Stewart had "subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more

8

than gross negligence.'" Franklin, 738 F.3d at 1250. Plaintiff alleges that Defendant Stewart was aware of the destroyed steps. (Doc. 1 at 5, Doc. 4 at 5). He does not state when she became aware of the broken steps, before or after his fall. And, as noted, Plaintiff has alleged that it was the water and mud on the top step, as opposed to the broken steps, that were the cause of his fall. Plaintiff's allegations do not show that Defendant Stewart knew of the mud and water on the top step. Thus, he has not shown that Defendant Stewart was deliberately indifferent.

Plaintiff also alleges that he "had numerous meetings with Warden Stewart about the incident and was told that she would handle things." (Doc. 1 at 5). He "constantly went to open house to tell Defendant Stewart about these problems[;] she told him that would handle them." (Id. at 9). The allegations related to Defendant Stewart saying that she would handle things are extremely vague and conclusory, thereby failing to impart a plausible claim. Moreover, her failure to handle things would need to have caused him some type of identified injury. And this injury would need to be of a constitutional dimension. In the absence of supporting facts to describe the exact nature of this claim, the Court finds that it fails to state a claim upon which relief can be granted.

Plaintiff further contends that Defendant Stewart "failed to order [him] proper medical treatment while under her care, etc." (Doc. 4 at 5; Doc. 1 at 5). Plaintiff's allegation is vague and conclusory, and lacks supporting facts necessary to state a plausible claim. Moreover, Defendant Stewart is the warden and not a medical provider at Fountain. Plaintiff's allegations indicate that the providers of medical care at the institution were treating him. If Plaintiff was attempting to state that Defendant Stewart had authority over the medical providers and their decisions, liability against Defendant Stewart cannot be imposed on such a theory because she cannot be held for subordinates' conduct on theory of respondeat superior or vicarious liability. Campbell v. Thomas, CA No. 2:10-CV-694-WC, 2013 WL 546800, at *8 (M.D. Ala. Sept. 25, 2013) (unpublished). "The law does not impose upon correctional officials a duty to directly supervise health care personnel, to set treatment policy for the medical staff or to intervene in treatment decisions where they have no actual knowledge that intervention is necessary to prevent a constitutional wrong." Cameron v. Allen, 525 F. Supp.2d 1302, 1307 (M.D. Ala. 2007). And Plaintiff's facts do not show that Defendant Stewart knew of a constitutional wrong being suffered by Plaintiff at the hands of medical personnel. Accordingly, Plaintiff has failed to

state a claim upon which relief can be granted.

In passing, the Court notes that Plaintiff mentioned that Defendant Stewart was negligent toward the deplorable living condition of the facility. (Doc. 1 at 5; Doc. 4 at 5). This claim, like some of his other claims, is vague and conclusory and is subject to dismissal for failure to state a plausible claim. Moreover, Plaintiff described Defendant Stewart's conduct as negligence. Conduct that is found to be negligent does not violate the Constitution and, therefore, a § 1983 claim is not stated. See Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986) ("the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property").

**B. Defendant Myers.**

Plaintiff identifies Warden Walter Myers as a Defendant. His allegations against him are for a "violation of [Plaintiff's] 8th &14th amendment [rights] by acting deliberately indifferent." (Doc. 1 at 5, Doc. 4 at 5). No facts are given by Plaintiff to support this claim, and Plaintiff does not mention Defendant Myers in the description of his claims. Thus, Plaintiff has failed to state a claim against him. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (in a § 1983

action, a plaintiff must causally connect through his allegations a deprivation of his constitutional or federal rights to a defendant's actions, omissions, customs, or policies in order to state a claim); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (same), cert. denied, 464 U.S. 932 (1983). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted under § 1983 against Defendant Myers.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that Plaintiff's claims against Defendants Stewart and Myers be dismissed without prejudice, and that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review

to plain error review of the magistrate judge's factual findings." Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **1st** day of **August, 2014**.

                                      **/S/SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**